## MERCURE v
## YOUNGSTOWN SANITARY MILK CO

Ohio Appeals, 7th Dist, Mahoning Co

No 2426. Decided April 8, 1938

John Ruffalo, Youngstown, for plaintiff-appellant.

Manchester, Ford, Bennett & Powers, Youngstown, for Defendant-Appellee.

MONTGOMERY, SHERRICK and LEMERT, JJ, 5th Dist, sitting by designation.

## OPINION

By THE COURT.

It is urged that the judgment is the result of passion and prejudice and against the manifest weight of the evidence. The first phase of this complaint contains no merit. The jury found for the defendant upon the plaintiff's petition, and for the plaintiff upon the defendant's cross petition. Was there sufficient credible evidence to support this finding? The evidence is in dispute as to how the defendant's truck made the left hand turn. If we assume, as the plaintiff would have it, that the defendant's driver was negligent in the operation of its truck, then the question comes was the plaintiff negligent. If he was, of course, the plaintiff might not recover. The driver says that 150 feet back from the intersection he started to pull in toward the center line, that his left wheels were over the center line at the intersection. If the jury believed this statement, then it might be that it correctly found the plaintiff negligent in crossing the center line to go around the truck on its left at the intersection.

The evidence establishes that the defendant's truck was not exceeding 25 miles per hour. The driver says that he slowed up to make the turn. He says when 150 feet distant from the intersection that he saw the defendant 600 feet in his rear. If this was the true version, then plaintiff trailed 750 feet while defendant's truck progressed 150 feet at 25 miles per hour. At this rate plaintiff was driving at a speed in excess of that allowed by law, and the jury might well have found plaintiff guilty of contributory negligence. Again it is suggested that the credibility of witnesses is for the jury and not a reviewing court. We find no error in the respects claimed.

The charge of the court is complained of in two respects. In view of the conflict in the evidence, the portion of the charge complained of was responsive to an issue in the case, and was properly given.

It is said the court erred in its refusal to charge as requested on the matter of signaling with the hand outside the car upon making a turn out of traffic. Such signals do not have to be given by the hand. The statute says that such signals shall be given outside the vehicle. No manner of so doing is compulsory. The court did not err in its refusal to so charge. If the plaintiff was found to have been negligent, as the jury without doubt did find, then even if correct, the refusal to so instruct could not have influenced the result or the plaintiff's right to recover.

Finding no error, the judgment is affirmed.